



# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL.
ATTORNEY GENERAL.

August 25, 1952



Overruled by S-202
Where conflicts

Hon. Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Dear Sir:

Opinion No. V-1509

Re: Statements of campaign con-
tributions and expenses re-
quired to be filed by in-
dependent candidates in
general elections.

You have requested an opinion as to whether
independent candidates whose names are placed on the
general election ballot in accordance with Sections
227-230 of the Texas Election Code (V.C.S. Election
Code, Arts. 13.50-13.53) must comply with the provisions
of Chapter 14 of the Election Code (Secs. 237-246; V.C.
S. Election Code, Arts. 14.01-14.10) relating to cam-
paign expenditures. You ask specifically:

"Does each candidate for office in the
independent column of the ballot at a gen-
eral election have to file all the sworn ex-
pense accounts and reports of contributions,
or file only one, after the general election
and within ten days thereafter?"

Chapter 14, Title 50, Revised Civil Statutes
of 1925, entitled "Limiting Campaign Expenditures" (Arts.
3168-3173, V.C.S.) applied only to candidates in primary
elections. Article 3168 defined a candidate as "any
person who has announced to any other person or to the
public that he is a candidate for the nomination for any
office which the laws of this State require to be deter-
mined by a primary election." Article 3172 required
"each candidate for nomination in a primary election" to
keep a record of moneys received or disbursed for cam-
paign purposes and to file statements of these receipts
and disbursements at stated intervals before and after
the primary. Other provisions of these statutes make it
quite clear that they included only candidates in primary
elections and did not extend to campaign expenditures
incurred after nomination in a primary. The only require-
ment placed upon candidates in the general election in
regard to campaign expenditures was found in Article 252,
Vernon's Penal Code, as follows:

"Any candidate for any public office, whether elected or not, who fails to file with the county judge of his county within ten days after the date of a general election an itemized statement of all money or things of value paid or promised by him before or during his candidacy for such office, including his traveling expenses, hotel bills and money paid to newspapers, and make an affidavit to the correctness of such account, showing to whom paid or promised, shall be fined not less than two hundred nor more than five hundred dollars."

With the adoption of the Election Code the Legislature rewrote the campaign expenditure provisions of Chapter 14, Title 50 so as to make them applicable to general and special elections as well as primary elections. In place of the definition of "candidate" quoted above, Section 237 of the Election Code now provides:

"The word 'candidate' shall mean any person who has announced to any other person or to the public that he is a candidate for the nomination for or the election to any office which the laws of this State require to be determined by an election. . . . The term 'campaign expenditure' as hereinafter used shall include any gift, loan, or payment of money or other valuable thing or promise to give, lend, or pay money or other valuable thing, for the purpose of furthering or opposing the candidacy of any person for nomination for or election to any county, district, or state office."

Changes in the wording of other sections in this chapter conform to the inclusion of general and special elections within its terms. Subdivision (f) of Section 244 (formerly Article 3172) now provides that each candidate must file sworn statements of receipts and expenditures "at intervals of twenty (20) days beginning sixty (60) days next preceding the date of any election in which the candidate's name appears on the ballot . . ." Subdivision (d) provides that "any such statement filed by a candidate in a special or general election must include all items not reported in statements filed in previous elections preceding such special or general election." The affidavit form set

out in subdivision (f) further shows that candidates whose names appear on a general or special election ballot now must file the statements required by this section.

The times at which statements must be filed are set out in subdivisions (b) and (c) of Section 244, as follows:

"(b) Each candidate is hereby required to file sworn statements of all gifts and loans previously received and of all gifts, loans, and payments made and all debts incurred. Such sworn statements shall and must be filed at intervals of twenty (20) days beginning sixty (60) days next preceding the date of any election in which the candidate's name appears on the ballot, provided, however, that a sworn statement shall be filed not more than five (5) nor less than two (2) days prior to the date of the election in which the candidate's name appears on the ballot. Provided, further, that there shall be filed a sworn statement not more than twenty (20) nor less than fifteen (15) days next preceding the second or run-off primary election and there shall be filed a second sworn statement not more than five (5) nor less than two (2) days next preceding the second or run-off primary election in which the candidate's name appears on the ballot. Such sworn statement shall also include an estimate of the additional amount that the candidate will expend or become liable for in behalf of his candidacy from the time of the filing of the sworn statement to and including the day of the election.

"(c) Not less than ten (10) days after the election each candidate must file a sworn supplemental statement of all gifts and loans received prior to the election and of all gifts, loans, and payments made and debts incurred prior to the election not specifically included in the sworn statement filed prior to the election."

The first statement required of an independent candidate in the general election is to be filed 60 days

preceding the date of that election. Under Section 227, the application to have the name of an independent candidate placed on the ballot may be filed within 30 days after the second primary election day, so it is possible that the application will not be filed until some time after the 60th day preceding the election. However, under the definition contained in Section 237, a "candidate" means any person who has announced to any other person or to the public that he is a candidate for the office. Our construction of these statutes is that a person who, on or prior to 60 days before the general election, has announced his intention to seek election as an independent candidate should file this report, even though the application for placing his name on the ballot has not been filed. A person who has not then become a "candidate" as defined in Section 237 obviously is not required to file a statement on that date.

The post-election statement required by subdivision (c) of Section 244 is a supplemental statement of items not reported prior to the election. Under Article 252 of the Penal Code, a candidate in the general election heretofore has been required to file with the county judge within 10 days after the election a statement of all expenses incurred during his candidacy. The extension of Section 244 of the Election Code to general elections raises the question of whether candidates in a general election must still file the statement described in Article 252, V.P.C.

Article 252 of the Penal Code was not expressly repealed by the Election Code. Section 247 of the Election Code repeals "all laws and parts of laws in conflict herewith . . . in so far as such laws are in actual conflict with the provisions of this Code." It cannot be said that Article 252 is in actual conflict with Section 244, for clearly it is not impossible for a candidate to comply fully with both provisions.

Section 2 of the bill by which the Election Code was enacted (H.B. 6, Acts 52nd Leg., 1951, ch. 492) reads:

"That all elections and all laws relating to suffrage and parties, as found in Title 50 of the Revised Civil Statutes of Texas of 1925, and all amendments thereto, be and the same are hereby repealed, provided, however, that nothing in this Act

shall be construed as repealing or in any
way affecting the legality of any penal
provision of the existing law; and this
Act shall be construed to be an independ-
ent Act of the Legislature enacted under
the caption hereof, and the Sections con-
tained in this Act, as revised, rewritten,
changed, combined and codified shall be
the governing law of this State."

The extent to which these provisions alter
the ordinary rules of statutory construction is not
clearly ascertainable.  We believe this section means
simply that a provision in the Penal Code is not re-
pealed unless some provision of the Election Code,
construed as an independent act of the Legislature,
would repeal it by implication.  It is a recognized
rule of statutory construction that where the Legisla-
ture has enacted a statute which was intended to em-
brace the entire subject matter, prior statutes on the
same subject are repealed by implication.  Motor Inv.
Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278
(1944); Meek v. Wheeler County, 125 S.W.2d 331 (Tex.
Civ. App. 1939), affirmed, 135 Tex. 454, 144 S.W.2d
885; 39 Tex. Jur., Statutes, § 80.  In view of the com-
pleteness with which Section 244 prescribes the state-
ments which a candidate in the general election must
file, we are inclined to the view that the Legislature
intended Section 244 to be a complete enactment cover-
ing the entire field of campaign expense reports.  How-
ever, because of our uncertainty that this view would
be sustained by the courts, it is our advice that can-
didates, in order to be sure of compliance with statu-
tory requirements, also file the statement described
in Article 252 of the Penal Code.

## SUMMARY

An independent candidate in the general
election nominated in accordance with Sec-
tions 227-230, Texas Election Code (V.C.S.
Election Code, Arts. 13.50-13.53) must file
the statements of campaign receipts and ex-
penditures required by Section 244 of the

Election Code (V.C.S. Election Code, Art. 14.08).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

MKW:wb

Yours very truly,

PRICE DANIEL
Attorney General

By *Mary K. Wall*
Mary K. Wall
Assistant