## F. M. CLARK v. J. J. TERRELL, COMMISSIONER.

### No. 1615.   Decided January 2, 1907.

**School Land—Sale—Death of Purchaser—Settlement.**

The provision in article 4218l, Revised Statutes, giving the heirs or legal representatives, on the death of a purchaser of school land, the right to carry out his contract and acquire title, absolved from residence thereon, was not repealed by the Act of 1905 in regard to such sales (Laws, 29th Leg., ch. 103, p. 159), and the devisee and independent executor of a purchaser who had died before making settlement, and within the time allowed therefor by the law, could complete the payments and acquire title without settlement. (Pp. 278, 279.)

Original application by Clark, to the Supreme Court, for writ of mandamus against Terrell, as Commissioner of the General Land Office.

*Rogan & Simmons* and *McCrea & Kirk,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

GAINES, CHIEF JUSTICE.—One John Clark having applied to purchase a quarter section of school land on the ·6th day of January, 1906, it was awarded to him. On the 13th of February, 1906, he died, having made his will, in which he bequeathed and devised all his estate to his brother, F. M. Clark, the relator in this suit, and nominated him as independent executor of such will. The will was admitted to probate and the relator was appointed executor thereof, and duly qualified as such. At the time of his death John Clark had made improvements upon the land but had never settled upon it. On the 31st of August, 1906, the relator filed in the General Land Office proof of the death of his brother, whereupon the Commissioner canceled the award to him.

The relator brings this action to compel the respondent, as Commissioner of the General Land Office, to set aside the cancellation and to reinstate the award, and to recognize him as the successor to the rights of his deceased brother. As authority for the action sought to be enforced the relator cites us to the following provision of article 4218l ·of our Revised Statutes: "Provided, if any purchaser shall die, his heirs or legal representatives shall have one year in which to make payment after the 1st day of November next after such death, and shall be absolved and exempt from the requirement of settlement and residence thereon." It is clear that, under this provision, if it be existing law, the relator, as executor of the will of his deceased brother, and sole devisee under that will, has the right to carry out his contract with the State, and to acquire title to the land absolved from the condition of settlement and residence. The question then is, Has the provision been repealed? Since the adoption of the Revised Statutes in which this enactment is found we have discovered no act which indicates, in any manner, a purpose to repeal it, until the Act of 1905 was passed. That Act is comprehensive, and makes important changes in the manner provided for the sale and lease of the school and asylum lands. Under the previous law the applicant to purchase was required to be an actual settler upon the land at the time of making his application; but under that Act any qualified person was authorized to apply to purchase, but he was required to settle upon the land within ninety days from the day on which his application was accepted.· In it many of the provisions of the existing statutes were reenacted. So fully is this done that it seems that the provisions of the new law are sufficient for the administration of the business provided for. But the Act of 1905 expressly repeals, not all previous laws, but only "all laws and parts of laws" in conflict with its provisions. So that it seems to us any provision of the previous laws, not inconsistent with the new law, was not intended to be repealed. Besides, in providing the consequence of a failure to pay the interest on the purchase money, the present law says in effect that, upon such failure, "the land shall be forfeited as now provided by law." This recognizes the continuance of the statutes existing at that time, except insofar as they conflict with the provisions of the law that was being enacted. The Act of 1905 contains no provisions as to the rights of the successors in title of deceased purchasers, although under its provisions there was a very cogent reason why such provision should be made. The general provision of that Act is that, in case the purchaser

fails to make settlement within ninety days, he forfeits not only all right to the land, but also the cash payment which must accompany his application. "Rigorous and unjust" would be a rule that when, as in the instant case, a purchaser has paid part of the purchase money, has shown his good faith by constructing buildings of considerable value appropriate to a residence, and has been prevented by death from settling upon the land, his heirs should lose all by reason of an act of providence. We can not believe that the Legislature intended such a result. On the contrary, we think that the thought in the legislative mind was that the provision quoted from the Revised Statutes would remain in effect, and would be sufficient to prevent the injustice which would result without it.

For these reasons we think the mandamus should be awarded, and it is accordingly so ordered.