HENRY GADDES AND ORIN M. THOMAS v. J. J. TERRELL, COMMIS-
SIONER OF THE GENERAL LAND OFFICE.

No. 1735.  Decided May 20, 1908

**School Land—Residence—Forfeiture—Repeal.**

The requirement of the Act of April 15, 1905, (Laws, 29th Leg. p. 163) that the original purchaser of a home tract should reside upon it for three consecutive years "except where otherwise provided," and repealing all laws in conflict, was not necessarily in conflict with the provision in article 4218 1 of the Revised Statutes that the absence of the purchaser for not more than six months in one year to earn money with which to pay for the land should not work a forfeiture, and did not repeal it.  (Pp. 575, 576.)

Original proceedings in the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*Fiset & McClendon* for relator.

*Robert V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was originally instituted in the name of Henry Gaddis to compel by writ of mandamus the Commissioner of the General Land Office to set aside the forfeiture of a purchase of a section of school land bought by Orin M. Thomas and to accept relator as a purchaser of the land by virtue of an alleged purchase from Thomas. Gaddis appeared and denied the authority of the attorneys to bring the suit and asked that it be dismissed. On the 11th of February, 1908, the attorneys moved the court that their names be stricken from the docket as attorneys for Gaddis, which motion was granted. On the next day Orin M. Thomas filed a petition for leave to intervene in the suit, which was also granted. On February 18, 1908, the respondent filed a motion to dismiss the suit and intervention, which was overruled.

The case made by the petition of relator is, that in the year 1905 Orin M. Thomas purchased the section of land in controversy as additional to a home section bought by him at the same time; that he settled with his wife upon his home section, made improvements thereon and filed his affidavit of settlement as required by law; that he continued to occupy his home section with his family until, the month of September, 1906, he went to Dallas, Texas, where he engaged in business for two months for the purpose of obtaining money with which to pay the interest upon his purchases, which was to fall due on November 1st of that year, and that within less than two months he resumed his residence upon his home section. Relator

also alleged that he had purchased the section in controversy from Thomas who had made him a deed therefor, and that he (relator) had filed his deed with respondent with the request that he be recognized and substituted as a purchaser in Thomas' place, complying at the same time with all the requirements of law in that particular. That this was refused by respondent on the ground that Thomas had forfeited his purchase by his absence from his home section. The prayer was to the effect, that respondent be ordered to accept the deed of Thomas, that relator be recognized as purchaser and that such other action be taken as required by law. The intervention adopts the allegations of the petition filed for relator and also adopts the prayer.

Article 4218l of our Revised Statutes contains this provision: "Provided, that all necessary and temporary absence from such land of such purchaser, for the time of not more than six months in any one year, for the purpose of earning money with which to pay for the land, or for the purpose of schooling his children, shall not work a forfeiture of his title." If this provision be still in force then Thomas did not forfeit his purchase by an absence of less than six months in order to earn money with which to make his payments on the land purchased by him. The question is has the provision been repealed by subsequent statutes. It is claimed in behalf of respondent that the following portion of the Act of April 15, 1905, repeals the provision just quoted: "In every purchase, except where otherwise provided, an original purchaser of a home tract under this Act shall reside upon it or some portion of the land purchased as additional thereto, either at the same time or subsequently, for three consecutive years next succeeding the date of his purchase of the home tract." (Laws 1905, p. 163.) The repealing section of the act last cited is as follows: "All laws and parts of laws in conflict with the provisions of this Act are hereby repealed." (Laws 1905, p. 166.) It is clear that there is no express repeal—that is, the provision in question is not directly pointed out as expressly repealed. But since the effect of a general provision repealing conflicting laws, evinces that the Legislature had in mind that some thing was to be repealed the "courts will be less inclined against recognizing repugnancy in applying such statutes, while, in dealing with those of the other class, they will, as principle and authority requires, be astute to find some reasonable mode of reconciling them with prior statutes, so as to avoid a repeal by implication." (Sutherland Stat. Const., p. 199.) But even with such a provision repealing all conflicting laws, the courts must find a repugnancy between the old provision and the new before they can find that the latter repeals the former.

The subject matter of Art. 4218l, which contains the provision claimed to be repealed is the forfeiture of purchases of school land. It first makes it the duty of the Commissioner of the General Land Office to forfeit a purchase for non-payment of interest, and tells how it shall be done, and then provides a forfeiture for non-occupancy, and provides the mode of its exercise, coupling the power however with the conditions expressed in the provision first quoted.

Section 6 of the Act of 1905 deals with wholly different subjects. It provides first that in certain counties a settler may purchase eight sections of school land. It then makes provision, that "where not otherwise provided," the purchaser or his vendee shall reside for three consecutive years upon the land purchased as a home section, or upon some of the additional lands purchased in connection therewith. This section merely undertakes to state in general terms the general rule, which had been the law at least ever since 1895, which required a three years residence of a purchaser in order to perfect his title. It does not undertake to allude to the qualifications and exceptions to the rule, which had always been a part of it, except in so far as the words "except where otherwise provided" may do so. These words may refer only to cases in which a right to purchase was given without the condition of settlement, or they may embrace cases in which there was an exception as to continued occupancy, such as in the present case, absence for six months to earn money with which to pay for the land. If the latter be the correct construction, then it is clear, that the provision in Section 6 does not repeal that in art. 4218l, Revised Statutes.

But however this may be, we think that there is not that clear repugnancy between the former and the latter provision as to evince an intention on part of the Legislature that the one should repeal the other. The provision in art. 4218l had been in the statute since 1895; and seems reasonable in itself; and so far as we know it had always worked satisfactorily. If the effect of Section 6 of the Act of 1905 is to repeal the provision in question, it would also repeal many other provisions in favor of actual settlers (a class always favored under the laws of our State)— such as excused an absence where the purchaser was driven away by drought, and such as relieved from the condition of occupancy in case of the death of a purchaser before the expiration of three years. Indeed we held in the case of Clark v. Terrell (100 Texas, 277) that the provision as to the death of a purchaser, which appears in art. 4218l, was not repealed; and that decision seems conclusive of the question.

We conclude that in our opinion the Legislature in enacting section 6 of the laws of 1905, had in mind the general rule as to three years residence upon the purchased land and did not undertake to deal with the limitations upon that duty as prescribed in art. 4218l of the Revised Statutes, and therefore did not intend to repeal that article. There is no repugnancy between a provision that a purchaser shall occupy the land for three years and another which provides that a temporary absence for a brief time for a specified purpose shall not be deemed a break in the occupancy.

The writ will issue as prayed for in the petition.

*Mandamus granted.*