C. J. MEEK V. WHEELER COUNTY ET AL.

No. 7571. Decided November 27, 1940.
(144 S. W., 2d Series, 885.)

*Reynolds & Heare,* of Shamrock, for plaintiff in error.

The act of 1933, being a general law, did not repeal the act of 1931 which was a special law. Ellis v. Batts, 26 Texas 703; Wintermann v. McDonald, 129 Texas 275, 102 S. W. (2d) 167; Miller v. Smiley, 65 S. W. (2d) 417.

*Sanders & Scott* and *Howard F. Saunders* and *Homer Moss,* all of Wheeler, for defendant in error.

On proposition that act of 1933 did repeal the act of 1931. Brownfield v. Tongate, 109 S. W. (2d) 352; First Natl. Bank

of Giddings v. Lee County Oil Co., 274 S. W. 127; Houston Elec. Co. v. Faroux, 125 S. W. 922.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this case the Court of Civil Appeals has affirmed the judgment rendered by the trial court in favor of the defendants in error. The plaintiff in error, C. J. Meek, has been granted the writ of error. In affirming the judgment of the trial court, the Court of Civil Appeals, speaking through Associate Justice Folley, rendered an opinion which is reported in 125 S. W. (2d) 331. The opinion is found to be correct and we approve it. There is no necessity for us to write further on the subject. The judgment of the Court of Civil Appeals, affirming the judgment of the trial court, is affirmed.

Opinion adopted by the Supreme Court November 27, 1940.

PER CURIAM:

We approve the opinion of the Court of Civil Appeals in this case as recommended by the Commission of Appeals, with the following statement:

■ We think the Court of Civil Appeals was correct in holding that Senate Bill No. 568, Ch. 174, p. 355, Special Laws, 42d Legislature, 1931, was repealed by Senate Bill No. 209, Ch. 220, page 734, Acts 43 Legislature, 1933.

Senate Bill No. 568, omitting formal parts, reads as follows:

"SECTION 1. In all counties having a population of not less than 15,550, and not more than 15,800 according to the last available Federal Census and each available Federal Census thereafter, all officers shall be entitled to receive the fees earned by their respective offices in accordance with the provisions of the Maximum Fee Bill; provided, however, that in such counties the maximum amount of fees which may be retained, including all excess fees, shall be Six Thousand ($6,000-.00) Dollars for each officer, whose office earns sufficient fees to pay this amount. Each officer earning fees in excess of Six Thousand ($6,000.00) Dollars shall make disposition of such excess in accordance with the provisions of the Maximum Fee Bill. All officers in counties hereby affected shall be entitled to deputies and assistants in the manner authorized in the Maximum Fee Bill."

■ In approving the foregoing opinion of the Court of Civil

Appeals we do not intimate that we think the above-quoted Act of 1931 is constitutional.

Opinion delivered November 27, 1940.

For the convenience of the Bar the opinion of the Court of Civil Appeals for the Seventh District is here inserted, as follows:—

MR. JUSTICE FOLLEY.

This suit was filed by the appellant, C. J. Meek, against Wheeler County to recover $1228.85 representing excess fees of office alleged to have been due him as County Clerk of Wheeler County for the year 1934. The amount sued for was in excess of the sum of $3,000.00 actually paid to the appellant for the year 1934. The appellee County defended the action on the theory that $3,000.00 was the maximum amount allowed the appellant under the law as it existed for such year. The cause was submitted to the court without a jury and judgment rendered denying the appellant any recovery. From such judgment the appellant brings this appeal.

The appellant was County Clerk of Wheeler County from January 1, 1931 to December 31, 1934. In 1931 the Forty-second Legislature of Texas enacted into law Senate Bill No. 568, Chapter 174, page 355 of the Special Laws of the Forty-second Legislature. Such Senate Bill denoted as Chapter 174, omitting the title and the emergency clause, was as follows:

"In all counties having a population of not less than 15,550, and not more than 15,800 according to the last available Federal Census and each available Federal Census thereafter, all officers shall be entitled to receive the fees earned by their respective offices in accordance with the provisions of the Maximum Fee Bill; provided, however, that in such counties the maximum amount of fees which may be retained, including all excess fees, shall be Six Thousand ($6,000.00) Dollars for each officer, whose office earns sufficient fees to pay this amount. Each officer earning fees in excess of Six Thousand ($6,000.00) Dollars shall make disposition of such excess in accordance with the provisions of the Maximum Fee Bill. All officers in counties hereby affected shall be entitled to deputies and assistants in the manner authorized in the Maximum Fee Bill."

It was stipulated between the parties to this suit that the population of Wheeler County was 15,555 according to the 1930 Federal Census and that such census was the last available census from January 1, 1931 to and including December 31,

1934. It is also conceded by the parties that if the above quoted provision of Chapter 174 was not repealed by the Forty-third Legislature that the appellant was entitled to recover the $1228.85 as excess fees allowed him under such law for the year 1934. The trial court, however, held that such law was repealed by Senate Bill No. 209, Chapter 220 of the 1933 Acts of the Forty-third Legislature. (Sec. 4.) Therefore, the only question for us to determine is whether or not the 1933 Act repealed the 1931 Act. The 1933 Act became effective by its own terms on and after January 1, 1934, which, if repealing Chapter 174, above quoted, would defeat the claim of the appellant for his alleged excess fees of office for 1934.

The 1933 Act was very comprehensive in its nature. It amended seven distinct articles of the statutes as they then existed, all of which dealt with fees of office of precinct, county and district officers. It also specifically repealed certain other acts and included a clause repealing all laws fixing or attempting to fix the compensation of such officers. In order to determine the question presented it will be necessary to quote certain portions of the 1933 Act.

The title of such Senate Bill No. 209, Chapter 220, shown at page 734 of the General Laws of the Forty-third Legislature, Regular Session, contains, among other things, the following language:

"An Act amending Article 3883, Revised Civil Statutes of 1925, as amended by Chapter 340, Acts of the Regular Session, Forty-second Legislature; and amending Article 3891, Revised Civil Statutes of 1925, as amended by Chapter 368, Acts of the Regular Session Forty-second Legislature; and amending Article 3902, Revised Civil Statutes of 1925, as amended by Chapter 214, Acts of the Regular Session Forty-second Legislature, providing the maximum and excess fees which all officers named herein shall be entitled to receive and retain and the disposition to be made of the remainder; * * * repealing Article 3883-a, Revised Civil Statutes of 1925, Chapter 174, Special Laws passed by the Regular Session Forty-second Legislature, * * * and all other laws or parts of laws, Special or General, fixing or attempting to fix the compensation of the officers enumerated herein, or the salaries of deputies or assistants inconsistent with the provisions hereof; and declaring an emergency."

Immediately following the title and the enacting clause is this language:

"Section 1. That Article 3883 of the Revised Civil Statutes of Texas, 1925, as amended by Chapter 340, Acts of the Regular

Session of the Forty-second Legislature, be and the same is hereby amended so as to hereafter read as follows:

" 'Article 3883. Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty-five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each."

Following the provisions just quoted relative to officers in counties of 25,000 or less inhabitants, in which group Wheeler County would necessarily fall as far as its population is concerned, are to be found similar provisions, which we deem unnecessary to quote, relative to the fees of such officers in counties falling in the larger brackets on the basis of population.

From Section 2 of the bill, which amends Article 3891 of Vernon's Annotated Revised Civil Statutes relative to the retention of excess fees by the officers enumerated, we quote:

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand ($3000.00) Dollars. Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred ($1400.00) Dollars. * * *

"The compensations, limitations and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act."

Under Section 3 of the Act, which deals with the appointment and compensation of deputies, assistants and clerks, is the following:

"All laws and parts of laws, general or special relating to the compensation of deputies and assistants, or relating to the expense accounts of the officers named herein or their

deputies or assistants, are hereby expressly repealed, it being intended that this Act shall apply to the salaries of deputies, assistants and clerks of each of the officers named herein in each and every county of this State except as otherwise provided in this Act."

In Section 7 of the bill it is provided:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter."

The repealing clause of the bill contained in Section 9 thereof is as follows:

"Article 3883a, Revised Civil Statutes, 1925; Chapter 34, Acts of the Second Called Session of the Forty-second Legislature; Chapter 97, Acts of the First Called Session of the Forty-first Legislature; Chapter 12, Acts of the Regular Session of the Forty-first Legislature; Chapter 146, Special Laws passed by the Regular Session of the Forty-second Legislature; Chapter 55 Acts of the Second Called Session of the Forty-first Legislature; Chapter 272, Acts of the Regular Session of the Fortieth Legislature; Chapter 58, Acts of the Second Called Session of the Forty-first Legislature; Chapter 271, Acts of the Regular Session of the Fortieth Legislature; Chapter 336, Acts of the Regular Session of the Forty-second Legislature; Chapter 330, Acts of the Regular Session of the Forty-second Legislature, together with all other general and special laws fixing or attempting to fix the compensation of officers enumerated herein or the salaries or number of deputies or assistants are hereby in all things repealed."

The emergency clause with which the bill concludes reads as follows:

"The present economic conditions, together with a large amount of fees allowed to be retained by certain county officers, together with a desirability of having a general fee bill applying to all officers named herein in each and every county in

this State, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be and the same is hereby suspended, and it is so enacted."

■ In the case of Texarkana & Ft. S. Ry. Co. et al v. Houston Gas & Fuel Co. (121 Texas 594), 51 S. W. (2d) 284, 287, Justice Critz, speaking for the Commission of Appeals, in answer to certified questions from the Court of Civil Appeals, said:

"In construing statutes enacted directly by the Legislature it is the duty of the court to look to the entire act, including the caption, the body of the act, and even the emergency clause, to determine the legislative intent. When the legislative intent is once determined it is the law."

■ Measuring the 1933 Act by the rule announced by Judge Critz in the above case, we must necessarily reach the conclusion that the Legislature intended to repeal the 1931 Act known as Chapter 174. The first evidence of such intention is the fact that such law was specifically listed in the caption of Senate Bill No. 209 as one of the laws which was to be repealed therein. It is true that Chapter 174 was not thereafter expressly mentioned under the name assigned to it by the Forty-second Legislature, yet it was thereafter reached by necessary implication. It is apparent from an examination of the 1933 Act that the Legislature undertook to create an entirely new and independent system relative to the compensation and retention of fees of all the precinct, county and district officers mentioned in the bill. It is also evident that it was intended that such law should embrace all the law upon the subject dealt with and should apply to all officers in each and every county of the State. Apparently to avoid any uncertainty in this regard the Legislature openly declared such to be its intention in the body of the bill and in the emergency clause above quoted. Moreover, the repealing clause of the bill, though not mentioning Chapter 174 by name, specifically declared that all laws, both general and special, fixing or attempting to fix the compensation of the officers enumerated therein were thereby in all things repealed. Chapter 174 was such a law.

■ In the case of Bryan v. Sundberg, 5 Texas 418, 424, the Supreme Court of this State announced the rule which, we think, is decisive of the issue before us. Such rule is in the following language:

"It undoubtedly is true that a construction which repeals former statutes by implication is not to be favored; and it is

also true that statutes in pari materia and relating to the same subject are to be taken and construed together, because it is to be inferred that they had one object in view, and were intended to be considered as constituting one entire and harmonious system. But when the new statute in itself comprehends the entire subject and creates a new, entire, and independent system respecting that subject-matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject-matter."

An even stronger rule than the above is to be found in Black on Interpretation of Laws (Second Edition), page 355, in the following language:

"Even where there is no direct repugnancy or inconsistency between the earlier and the later law, there may in some cases be an implied repeal. This result follows where the later act revises, amends, and sums up the whole law on the particular subject to which it relates, covering all the ground treated of in the earlier statute, and adding new or different provisions, and thus plainly shows that it was intended to supersede any and all prior enactments on that subject-matter, and to furnish, for the future, in itself alone, the whole and only system of statute law applicable to that subject."

Again, in State v. Houston Oil Co. of Texas et al, 194 S. W. 422, 432 (Writ Refused) it is said:

"The rule is well settled that, when a subsequent statute shows by its context that it was intended to embrace all the law upon the subject dealt with, such statute will, by implication, repeal all former laws relating to the same subject. The correctness of that rule is not controverted, and it is unnecessary to cite authorities in support of it."

This language from the Houston Oil Co. of Texas case was quoted with approval by the Commission of Appeals of Texas in the case of First Nat. Bank of Giddings v. Lee County Cotton Oil Co. et al (Tex. Com. App.), 274 S. W. 127, 130.

From what we have said above and from the authorities quoted it necessarily follows that the 1933 Act superseded the 1931 Act and the judgment of the trial court should be affirmed.

The judgment is affirmed January 23, 1939.