

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. Watt Page
The Adjutant General
Austin, Texas

Dear Sir:

Opinion No. 0-4309
Re: Was Article 6144, Revised Civil
Statutes, in any way nullified by
the act creating the Texas Defense
Guard or by any other act which has
become law since Article 6144 was
placed on the statute books?

We have given careful attention to your question as stated above.

From your letter we quote the following:

"Article 6144 of the Revised Civil Statutes provides for the organization of a 'home guard' by the County Judge of any County. The Act creating the Texas Defense Guard which was enacted by the regular session of the 47th Legislature and became law on the 10th day of February 1941 provided that 'Whenever any part of the National Guard of this State is in active Federal Service, the Governor is hereby authorized to organize and maintain within this State during such period * * * such military forces as the Governor may deem necessary to defend this State. Such forces shall be composed of officers commissioned and assigned and such able-bodied citizens of the State as shall volunteer for service therein, supplemented if necessary by men of the Reserve Militia enrolled by draft or otherwise as provided by law. Such forces shall be additional to and distinct from the National Guard and shall be known as the Texas Defense Guard,' (Section 1) 'Repeal. All Acts and parts of Acts inconsistent with the provisions of this Act are hereby repealed.' (Section 14).

". . .

"What I should like to have, however, is an opinion as to whether Section 6144 of the Revised Civil Statutes was in any way nullified by the Act creating the Texas Defense Guard or by any other Act which has become law since Article 6144 was placed on the Statute Books."

Article 6144, Revised Civil Statutes of Texas, 1925, was originally passed by the Thirty-fifth Legislature at its Third Called Session in 1917.  As codified said article reads as follows:

"Whenever a state of war shall exist between the United States and another nation there may be organized and maintained without expense to this State, with the consent and under the direction of the county judge of any county, a Home Guard composed of adult citizens of the United States and of such county.  Such Guard shall be organized to conform as nearly as practicable to the organization of military units, and shall at all times be subject to call to duty and to orders of the sheriff of such county. Each Guard shall be authorized to carry on and about his person pistols and other weapons as may be necessary when called to actual duty by the sheriff.  Counties, cities and towns may through their lawful governing bodies appropriate from their public treasuries moneys to provide arms and ammunition for such Guard under such rules as they may prescribe, and those receiving arms from the county shall return all guns and ammunition to the county judge when not on duty.  Such Guard may engage in drill at such time and place as the community officers may prescribe, and may be uniformed so as not to conflict with Section 125, Act of Congress, approved June 3, 1916."

The Texas Defense Guard Act of 1941 is found in Vernon's Annotated Civil Statutes as Article 5891a.  It is officially published as Chapter 9, p. 17 of the General and Special Laws of the Forty-seventh Legislature, Regular Session, 1941.  We will not here quote at length from the act since that part shown in your letter is deemed sufficient to manifest the purpose and authority of the Texas Defense Guard, but will content ourselves with a portion of the emergency clause:

"The fact that the regularly constituted National Guard of the State of Texas is now in active Federal service by presidential order, and the State is without adequate organized troops that may be used for the prevention of civil disturbances, riots, sabotage, and other forms of disturbances; and further that the National Defense Act has been amended by Congress authorizing the creation of Defense Guards in the various States, and the Secretary of War is issuing necessary regulations pertaining thereto; and the further fact that without this Act the State of Texas is unable to secure arms, equipment, and other items of government property for Defense Guard without the passage of this enabling legislation, create an emergency," etc.

It is a general rule of statutory construction that a general repealing clause such as is contained in Section 14 of the Texas Defense Guard Act of 1941 will not operate to affect a prior statute unless there are provisions that are inconsistent with, or repugnant to, the terms of the later statute. See 39 Tex. Jur. 131, Sec. 68; Gaddes v. Terrell, 101 Tex. 574, 110 S.W. 429; Johnson v. Ferguson, (Tex.Civ. App., writ dismissed) 55 S.W. (2d) 153.

The Home Guard, authorized by Article 6144, supra, is a county unit, subject to the orders of the sheriff of the county. It is strictly a local organization, dependent upon counties, cities and towns for sustenance and support.

The Texas Defense Guard is essentially a State organization, subject to the command of the Governor of the State, and serves in lieu of the Texas National Guard while that organization is in Federal service.

We respectfully answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) BENJAMIN WOODALL
Assistant

APPROVED JAN. 15, 1942

(Signed) GROVER SELLERS

FIRST ASSISTANT ATTORNEY GENERAL

BW:GO

APPROVED OPINION COMMITTEE

By B.W.B. Chairman