

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 11, 1957

Honorable John C. White
Department of Agriculture
Austin, Texas

Opinion No. WW-143.

Re: Can a warehouseman duly
licensed under the Texas
Grain Warehouse Law (Ch.
106, p. 385, Acts 53rd Leg-
islature, 1953, codified
as Article 5577a, V.C.S.)
issue a negotiable ware-
house receipt to himself
for grain owned by him
which is stored in his own
warehouse?

Dear Mr. White:

You have requested our opinion as to whether a ware-
houseman licensed under the Texas Grain Warehouse Law (Ch. 106,
p. 385, Acts 53rd Legislature, 1953, codified as Article 5577a,
V.C.S.) may issue a negotiable warehouse receipt to himself for
grain owned by himself and stored in his own warehouse.

Prior to the enaction of Article 5577a, V.C.S., the
Legislature had enacted laws governing public warehousemen and
public warehouses, such laws being Articles 5568-5577, V.C.S.
The definition of public warehousemen set out in Article 5568,
V.C.S., covers and includes the public grain warehousemen cov-
ered and described in Article 5577a, the Texas Grain Warehouse
Law. Therefore, except to the extent that Articles 5568-5577,
V.C.S., conflict with and are repealed by Article 5577a, V.C.S.,
they are still applicable to public grain warehousemen.

The pertinent portion of the statutes existing prior
to the enaction of Article 5577a which concerns the question
here under consideration, is the following portion of Article
5576, V.C.S.:

". . . and provided, further, that no public
warehouseman shall issue a warehouse receipt against
his own property in his own warehouse; but upon sale
of such property in good faith may issue to the pur-
chaser his public warehouse receipt in form and man-
ner as herein provided, which issue and delivery of
the receipt shall be deemed to complete the sale, for
it constitutes the purchaser full owner, as afore-
said, of the property therein described."

The Texas Grain Warehouse Law (Article 5577a, V.C.S.) contains a general provision repealing all laws or parts of laws in conflict therewith; and "In the absence of any constitutional prohibition against such method, a general repealing clause is effective to repeal prior enactments to the extent that they are inconsistent with, or repugnant to, the terms of the later statute." 39 Tex.Jur., "Statutes" 131, Sec. 68. Gaddes v. Terrell, 101 Tex. 574, 110 S.W. 429 (1908); Garrett v. State, 161 Tex.Cr.R. 556, 279 S.W.2d 366 (1955). See also Berry v. State, 69 Tex.Cr.R. 602, 156 S.W. 626 (1913).

We have examined Article 5577a, V.C.S., in its entirety and have failed to find any conflict between this statute and the above quoted portion of Article 5576, V.C.S. It is our conclusion that the above quoted portion of Article 5576, V.C.S., was not repealed by Section 23 of Ch. 106, p. 385, Acts 53rd Legislature, 1953, and controls the question presented to us. Accordingly, it is our opinion that a duly licensed public grain warehouseman may not issue a negotiable warehouse receipt to himself for grain owned by him which is stored in his own warehouse.

SUMMARY

Article 5577a, V.C.S. does not repeal the quoted portion of Article 5576, since the two are not in conflict. A warehouseman duly licensed under the Texas Grain Warehouse Law (Article 5577a, V.C.S.) may not issue a negotiable warehouse receipt to himself against his own property in his own warehouse.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John H. Minton
John H. Minton, Jr.
Assistant

JHM:pf:wb

APPROVED:

OPINION COMMITTEE

J. C. Davis, Jr. Chairman.
Houghton Brownlee, Jr.
Wallace Finfrock
Lonny Zeiener

REVIEWED FOR THE ATTORNEY GENERAL
By: Geo. P. Blackburn