The STATE of Texas, Petitioner,

v.

Tom D. EASLEY et al., Respondents.

No. A–10830.

Supreme Court of Texas.

June 15, 1966.

Waggoner Carr, Atty. Gen., Austin, Hawthorne Phillips, Stanton Stone, T. B. Wright, Watson C. Arnold, Woodrow Curtis and Robert D. McGee, Asst. Attys. Gen., for petitioner.

H. A. Coe, Kountze, for respondents.

GRIFFIN, Justice.

This is a suit brought by the State of Texas, as plaintiff, against Tom D. Easley et al., as defendants, in a district court of Hardin County, Texas, in the nature of a trespass to try title action. The land sued for was that portion of a 2.115-acre tract near Kountze, Texas, within the limits of the right-of-way of State Highway No. 40, later also known as Highway No. 69, between Kountze and Woodville, Texas.

All parties have treated this suit as having been disposed of by a summary judgment rendered by the district judge in favor of defendants and in a hearing on motion for summary judgment filed by the plaintiff and a separate motion filed by the defendants. The judgment entered by the trial court denied plaintiff's motion and granted the defendants' motion and rendered judgment for the defendants. On appeal, the Court of Civil Appeals reformed and affirmed the trial court's judgment. 390 S.W.2d 24.

We reverse the judgment of both courts below and remand the cause to the trial court with instructions to render judgment for the plaintiff, The State of Texas.

■ In addition to the "pleadings, depositions and admissions on file, together with affidavits, if any" as specified by Rule 166–A, Texas Rules of Civil Procedure, the parties introduced extrinsic evidence consisting of a portion of the Minutes of the Commissioners Court of Hardin County, Texas, September 12, 1960; numerous maps or plats of the highway area involved; a certified copy of a part of the proceedings in Cause No. 1342 in the County Court of Hardin County, Texas; the conveyance from the State to Hardin County of a 1.64-acre tract within the old highway right-of-way; the dissolution instruments of the old Olive-Sternenberg Lumber Company; and a deed from Cecil Smith et al. to defendant Tom D. Easley, describing the 2.115 acres of land, which includes the land in controversy. None of the items enumerated in the above sentence were attached "thereto or served therewith" of either of the affidavits supporting either party's motion for summary judgment. A reading of Rule 166–A demonstrates that none of these instruments was entitled to consideration in a summary judgment hearing. The trial court's judgment recites that extrinsic evidence was heard and the trial court filed findings of fact and conclusions of law. None of these has any place in a summary judgment proceeding.

■ The facts giving rise to this litigation are as follows: In 1938 the Highway Commission relocated Highways 40 and 69 at the place where this land is situated. To do this, the State needed additional land for right-of-way. Olive-Sternenberg Lumber Company, a corporation, owned the land, and on June 11, 1938, by warranty deed containing no restrictions or reservations, conveyed to the State of Texas two tracts of land aggregating 33.61 acres. The deed granted and sold, and the habendum and warranty clauses covered, the fee simple

title to this land. The preliminary description in the deed recites: " * * * said strips of land lying within the limits of the right-of-way of the proposed relocation, widening and improvement of State Highway No. 40 in Hardin County, Texas." At the end of the metes and bounds description of each of the tracts, the following appears: " * * * containing * * * acres of land for right-of-way purposes," of which a certain number of acres were in the old right-of-way and a certain number of acres were new right-of-way. This deed conveyed to the State of Texas a fee simple title to the land therein described. Texas Electric Ry. Co. v. Neale, 151 Tex. 526, 252 S.W.2d 451 (1952).

To divest title to the land sued for herein, defendants rely on Art. 6674q-9, Vernon's Texas Civil Statutes. That portion relied upon reads as follows: " * * * provided that when the right-of-way, or any part thereof, pertaining either to a State Highway or a lateral road, has been abandoned because of the abandonment of such road for all public purposes, and such right-of-way, or any part thereof, was donated by the owner of the land for right-of-way purposes, then, and in that event, the title to the said right-of-way shall vest in said owner, his heirs or assigns * * *." Defendants have a general warranty deed dated September 29, 1956, from Cecil Smith, E. W. Tubb, L. M. Feagin and L. G. Lindsey, conveying the 2.115 acres of land out of which the land in controversy is a part.

The State, on the other hand, contends that Article 6674q-9 is not applicable to the case at bar, but that it is controlled by Article 6673a, Sec. 1, Vernon's Texas Civil Statutes. As affecting our problem, that statute provides: "Section 1. Whenever the State Highway Commission determines that any real property, or interest therein, heretofore or hereafter acquired by the State for highway purposes, is no longer needed for such purposes, and in the case of highway right-of-way it has further determined that such right-of-way is no longer needed for use of citizens as a road,

the State Highway Commission may recommend to the Governor that such land or interest therein be sold, and the Governor may execute a proper deed conveying all the State's rights, title and interest in such land." The Highway Commission has "the duty * * * to determine the fair and reasonable value of the State's interest in such land and to advise the Governor thereof." * * * "Provided further, that *upon recommendation of the State Highway Commission* the Governor may execute a proper deed relinquishing and conveying the State's right, title and interest in such real property as follows:

"(a) If title to the State was acquired by donation, convey to the grantor, his heirs or assigns * * *." (Emphasis added.)

Sec. 5 of Art. 6673a provides: "The Attorney General shall approve all transfers and conveyances under this Act, *and in no event* shall the right of the State of Texas to full and exclusive right of possession of all retained rights-of-way *be infringed or lessened in any manner thereby.* * * *" (Emphasis added.)

■ Before the State's interest and title to land acquired for highway purposes may be transferred out of the State, four things under Art. 6673a are necessary: (1) The State Highway Commission must determine that the property theretofore acquired for highway purposes is not longer needed for such purposes; (2) the Commission must recommend to the Governor that the land be sold, advising as to the fair and reasonable value of the land or interest therein; (3) the Governor must execute a proper deed conveying the State's right, title and interest in the land; and (4) the Attorney General shall approve all transfers and conveyances under this Act.

The record in this case fails to show that either or all of the four requisite actions have been taken. Therefore, if Art. 6673a is applicable to our cause, the title to the land in controversy is now in the State.

Art. 6673a was last amended by the 53rd Legislature (1953) at its regular session

by Chapter 323, found on page 795, Sessions Acts. The general heading is "State Highway Commission—Property not Needed for Highway Purposes—Sale." The caption to the Act provides it is an Act amending then Art. 6673a, Vernon's Texas Civil Statutes; and provides for the method of disposition of any real property or interest therein whenever the Highway Commission determines that such property is no longer needed for highway purposes, and providing that the Commission shall make its recommendation to the Governor that such lands be sold; providing for sale on sealed bids; for notice of sale to be given, and that the Governor upon recommendation of the Highway Commission may execute a deed conveying such property or interest needed by the State for highway purposes, or relinquishing or conveying such property; and providing that all transfers shall be approved by the Attorney General.

Section 1 of this Act sets out in detail how property determined by the Highway Commission may be sold, and a deed "may be executed by the Governor." The Act is a comprehensive Act covering the disposition of property the Commission has determined is no longer needed for highway purposes. The Act further provides that "all laws and parts of laws in conflict with the provisions of this Act be, and the same are hereby repealed."

Art. 6674q–1 et seq. was last amended in 1943 by the 48th Legislature, Regular Session p. 494. The title of this Act is "Road Bond Assumption Act." Its caption does not contain one word regarding disposition of highway right-of-way abandoned or no longer needed by the State for highway purposes. The caption declares the policy of the State with reference to building, maintaining and financing state-designated roads and roads which are ancillary to but are not state-designated highways; provides for the creation of a Board of County and District Road Indebtedness, and its powers, methods of operation; allocation and distribution of the gasoline tax levied by the State; providing a penalty for falsifying any report or certificate required and containing many other provisions as to raising and expending the funds provided by this Act.

Section 10 of this Act (codified by Vernon's Texas Civil Statutes as Art. 6674q-9) provides for the (a) vesting of fee simple title in the State of all roads, roadbeds, bridges and culverts in a county or defined road district in the State and (b) vesting of fee simple title in the State to lateral roads in the same manner and under the same conditions, but providing possession of such lateral roads to remain in the county or road district. Then comes this clause: "* * * provided that when the right-of-way, or any part thereof, pertaining either to a State Highway or lateral road, has been abandoned because of the abandonment of such road for all public purposes, and such right-of-way, or any part thereof, was donated by the owner of the land for right-of-way purposes, then, and in that event, the title to said right-of-way shall vest in said owner, his heirs or assigns." The Act continues further with provision for the Commissioners Court assuming jurisdiction over any changed or abandoned State Highway in their county.

The above-quoted provisions of Art. 6674q-9 are in conflict with the provisions of Art. 6673a regarding disposition of highway rights-of-way no longer needed by the State or the general public for highway purposes.

■ Although there is no provision in Art. 6673a specifically repealing any part of Art. 6674q-9, the language of the two Acts insofar as they affect abandoned rights-of-way of state highways or lateral roads and the title thereof are in direct conflict. Art. 6674q-9 states than when there has been an abandonment of donated right-of-way land, the title shall vest in the donative owner, his heirs and assigns.

Art. 6673a makes provision for a determination by the State Highway Commission that the land is no longer needed and

prescribes the steps to be taken to divest title out of the State. One provision covers *conveyance by the Governor* to the donative owner, his heirs and assigns, subject to the approval by the Attorney General of the conveyance. There is such a conflict in the two provisions that both of them cannot stand. Art. 6673a is the last expression of the Legislature on the subject and is the controlling provision.

The rule of law applicable is stated in the case of Commercial Credit Co., Inc. v. American Mfg. Co. et al. (Tex.Civ.App., 1941), 155 S.W.2d 834, 839, writ refused, as follows:

"We are not unaware of the general rule of law in this State which holds that repeals by implication are not favored. But as early as Rogers v. Watrous, 8 Tex. 62, 58 Am.Dec. 100, and by numerous cases on down to recent dates, it was announced that subsequent statutes revising the subject matter of former ones, and evidently intended as a substitute for them, although containing no express words to that effect, must operate to repeal those going before. This rule was followed by the Commission of Appeals in First Nat. Bank v. Lee County Cotton Oil Co., 274 S.W. 127, where the authorities are collated over a period of seventy-five years. See also Meek v. Wheeler County, 135 Tex. 454, 125 S.W. 2d 331, approved by the Supreme Court, 135 Tex. 454, 144 S.W.2d 885." See also Gaddis v. Terrell, Land Commissioner, 101 Tex. 574, 110 S.W. 429 (1908).

The general repealing clause of Art. 6673a repeals that portion of Art. 6674q-9 with regard to title to an abandoned highway right-of-way. 53 Tex.Jur.2d, Sec. 96, page 141 idem. Sec. 101, p. 149.

 The State Highway Commission has been entrusted by the Legislature with the construction and maintenance of an adequate highway system; it is the agency determining the need for land for rights-of-way, determining the location and change of all state highways; therefore, a better working system will result for the Commission to be the agency to determine when rights-of-way no longer needed may be disposed of and to make recommendations to the Governor as to his executing deeds conveying the same. These deeds may be placed of record and notice given of the status of titles.

We hold that Article 6673a is the controlling Article as applied to this case, and the State's title to the land in controversy herein is the superior title.

The judgments of both courts below are reversed and this cause is remanded to the trial court to render a judgment for the State in accordance with this opinion.

NORVELL, J., concurs in the result.

SMITH, J., not sitting.