

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 17, 1969

Hon. Hollis D. Garmon
District Attorney
8th Judicial District
P. O. Box 111
Greenville, Texas 75401

Opinion No. M-472

Re: Whether the terms of the grand juries impaneled in the 8th Judicial District are concurrent with the District Court terms set forth in Art. 199, Subdiv. 8, V.C.S., or with the District Court terms set forth in Art. 199, Subdiv. 62, V.C.S.

Dear Mr. Garmon:

Your letter of August 27, 1969, requesting the opinion of this department concerning the referenced matter, states, in part, as follows:

"Under Article 199, the law appears to be that the term of the Grand Jury is from January to July and July to January. However, conflicting statements are made under terms of Court for the 8th District, in particular Hunt County, wherein it shows the 8th District begins on the 5th Monday after the 4th Monday, in January and the 6th Monday after the 4th Monday in August for 8 weeks.

"If the Court term and the Grand Jury term do not run concurrently, then it puts the District Attorney at a great disadvantage of having to hold grand jury session in one county while the term of Court is in session in another county. We need to get this matter resolved."

A grand jury for each county within a judicial district may be impaneled at or during any term of the district court sitting therein. Art. 19.01, V.C.C.P.

The 8th Judicial District is composed of the Counties of Rains, Hunt, Delta, and Hopkins. The 62nd Judicial District is

- 2353 -

composed of the Counties of Hunt, Delta, Hopkins, Franklin, and Lamar.  Thus, both the 8th and the 62nd District Courts have concurrent jurisdiction in Hunt, Delta, and Hopkins Counties.

Article 199, Subdivision 8, Vernon's Civil Statutes, sets forth the respective terms of the 8th District Court in Delta, Hopkins, Hunt, and Rains Counties as follows:

"Delta County:  On the first Monday in January and may continue three weeks; and on the second Monday in June and may continue until the business is disposed of.

"Hopkins County:  On the fourth Monday in January and may continue five weeks; on the fifteenth Monday after the fourth Monday in January and may continue up to and including the last Saturday preceding the second Monday in June; and on the fourth Monday in August and may continue six weeks.

". . .

"Hunt County:  On the fifth Monday after the fourth Monday in January and may continue eight weeks; and on the sixth Monday after the fourth Monday in August and may continue eight weeks.

"Rains County:  On the thirteenth Monday after the fourth Monday in January and may continue two weeks; and on the fourteenth Monday after the fourth Monday in August and may continue until the business is disposed of."

However, Article 199, Subdivision 62, Section 1(b), Vernon's Civil Statutes, setting forth the terms of the 62nd District Court in the three counties where it has concurrent jurisdiction with the 8th District Court, states:

"There shall be two (2) terms of each District Court in each County of the district each year, one beginning on the first Monday in January and continuing until the convening of the next regular term, and the other beginning on the first Monday in July and continuing until the

convening of the next regular term."  (Emphasis
added.)

The above language, while not only stating the terms of
the 62nd District Court in Hunt, Delta, and Hopkins Counties, also
clearly brings the terms of the 8th District Court therein within
its purview.  It is thus apparent that Article 199, Subdivision
8, enacted in 1939, and Article 199, Subdivision 62, enacted in
1955, are inconsistent and contradictory as to the term of the
8th District Court in Hunt, Delta, and Hopkins Counties and,
consequently, as to when the 8th District Court may impanel
grand juries in those counties.

House Bill Number 857 (Acts 54th Leg. R.S. 1955, ch.
473, p. 1198), which is Article 199, Subdivision 62, states in
its caption that it is:

"An Act to amend Subdivision 62 of Article
199 of the Revised Civil Statutes of Texas, 1925,
as amended, so as to provide that Hopkins County
shall be within the 62nd Judicial District; chang-
ing the terms of the District Courts of Hunt, Lamar,
Delta, Franklin, and Hopkins Counties; providing for
the jurisdiction of such Courts and the functions of
the judges thereof; providing procedure for trans-
fer of cases and proceedings; providing procedure
for transferred cases and proceedings; providing
for the exchange of benches and for judges to sit
for each other; providing for district clerks and
sheriffs to serve the Courts; validating and con-
tinuing all process issued or served before this
Act takes effect; making such process returnable
to the next term of the Court; validating the
summoning of grand and petit juries under this
Act; repealing all laws in conflict; and declaring
an emergency."  (Emphasis added.)

Both from the language of the caption and the language
of the Act itself, it appears the Legislature intended to set the
terms of both the 8th and the 62nd District Courts in Hunt, Delta,
and Hopkins Counties in addition to repealing all legislation in-
consistent therewith, though the inconsistent provisions of
Article 199, Subdivision 8, are not expressly repealed.

The applicable rule of construction has been stated as

follows:

>"(W)here irreconcilably conflicting acts are
passed at the same time, or where parts or sections
of the same act are in irreconcilable conflict, the
act or provision later in position prevails as the
latest expression of the legislative will, and re-
peals the other in so far as there is irreconcil-
able conflict."  53 Tex.Jur.2d 150, Statutes, Sec.
101.

In discussing the law of implied repeal, the Supreme
Court of Texas, in State v. Easley, 404 S.W.2d 296 (Tex.Sup.
1966), recently stated at page 300 that:

>"The rule of law applicable is stated in the
case of Commercial Credit Co., Inc. v. American
Mfg. Co. et al. (Tex.Civ.App., 1941), 155 S.W.2d
834, 839, writ refused, as follows:

>"'We are not unaware of the general rule of
law in this State which holds that repeals by im-
plication are not favored.  But as early as Rogers
v. Watrous, 8 Tex. 62, 58 Am.Dec. 100, and by
numerous cases on down to recent dates, it was
announced that subsequent statutes revising the
subject matter of former ones, and evidently in-
tended as a substitute for them, although con-
taining no express words to that effect, must
operate to repeal those going before.  This rule
was followed by the Commission of Appeals in
First Nat. Bank v. Lee County Cotton Oil Co.,
274 S.W. 127, where the authorities are collated
over a period of seventy-five years.  See also
Meek v. Wheeler County, 135 Tex. 454, 125 S.W.2d
331, approved by the Supreme Court, 135 Tex. 454,
144 S.W.2d 885.'  See also Gaddis v. Terrell, Land
Commissioner, 101 Tex. 574, 110 S.W. 429 (1908)."

In view of the foregoing authorities, it will be seen
that in case of repugnancy between two provisions of a statute,
whether or not the earlier of the provisions has been expressly
repealed, the more recent provision of the statute must be
given effect as being the true intendment of the Legislature.

The legislative intent in this matter can also be ascertained by noting some of the provisions of Subdivisions 8 and 62 of Article 199, which indicate that the two Subdivisions are very much interrelated. See, e.g., the last paragraph of Subdivision 8 and Sections 1(c), 1(e), 2, 4, and 7 of Subdivision 62 of that Article, all of which advert extensively to the concurrent jurisdiction of the two District Courts and provide for the interaction and exchange of various forms of judicial machinery between them.

As the statutory conflict in this matter relates only to the grand jury terms of the 8th District Court in Hunt, Delta, and Hopkins Counties, the grand jury term of the 8th District Court in Rains County remains as provided in Subdivision 8 of Article 199. However, it should be noted that the terms of the District Court in Rains County, as set forth in Subdivision 8, are not consecutive as required by law. Article 1919, Vernon's Civil Statutes, provides, in part, that:

> "All district courts in this State . . .
> whenever and however created, shall hold at least
> two (2) terms of court per year in each county
> wherein they sit. Notwithstanding the provisions
> of any law, the terms of all district courts in
> the State . . . shall be continuous and shall be-
> gin on the day now or hereafter fixed by law and
> shall continue until the day fixed by law for
> the beginning of the next succeeding term."
> (Emphasis added.)

Therefore, it is the opinion of this department that:

(1) The terms of the grand juries of the 8th Judicial District impaneled in Hunt, Delta, and Hopkins Counties shall be two each, respectively; that is, one term beginning on the first Monday in January and continuing until the convening of the next regular term, and the other term beginning on the first Monday in July and continuing until the convening of the next regular term; and

(2) The terms of the grand jury of the 8th Judicial District impaneled in Rains County shall be two; that is, one term beginning on the thirteenth Monday after the fourth Monday in January and continuing until the convening of the next regular term, and the other term beginning on the fourteenth Monday after

the fourth Monday in August and continuing until the convening of the next regular term.

### S U M M A R Y

The terms of grand juries of the 8th Judicial District impaneled in the Counties of Hunt, Delta, and Hopkins shall be concurrent with the terms of the District Courts sitting in said counties, such terms being set forth in Article 199, Subdivision 62, Section 1(b), Vernon's Civil Statutes. The terms of the grand juries of the 8th Judicial District impaneled in Rains County shall be concurrent with the terms of the 8th District Court in Rains County, such terms being set forth in Article 199, Subdivision 8, Vernon's Civil Statutes, and being modified as to their continuity by Article 1919, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Howard Fender
James McCoy
James Quick
Alfred Walker

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant