

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 15, 1971

Honorable Wm. B. Sullivant
County Attorney
Cooke County Courthouse
Gainesville, Texas

Opinion No. M-904

Re:  Who serves as District
     Attorney of the 16th
     Judicial District, pursuant
     to Senate Bill 906, Acts
     62nd Leg., R.S., 1971.

Dear Mr. Sullivant:

Your recent letter requesting the opinion of this office concerning the referenced matter states, in part, as follows:

"The 62nd Legislature, Regular Session, 1971, passed Senate Bill 906, creating the 235th Judicial District Court and the office of District Attorney for the Court.  The District will include Cooke, Wise and Jack Counties.  The Governor appointed me to fill the position of District Attorney for this court until November, 1972, when the term of office will expire and the office will become elective.  A problem has come to mind on which I would appreciate an Attorney General's Opinion to help clarify matters here in Cooke County.

"It is this:  Cooke County is already in the 16th Judicial District, which District serves both Cooke and Denton Counties.  The 16th was set up so that the County Attorneys of Cooke and Denton Counties would serve as District Attorneys of the 16th District when the court sits in their respective counties.  As I read Art. 199-A, Subchapter B, Sec. 2.007, the County Attorney in Cooke County shall serve the new court created by S.B. 906, 62nd Legislature, Regular Session, 1971.  I do not think this was the intent of S.B. 906.  If the creating of the office of District Attorney in S.B. 906 is to be interpreted as superceding the provisions of Art. 199-A, Subchapter B, Sec. 2.007, please advise whether the District Attorney under S.B. 906 shall serve in the 16th Judicial District or whether

-4400-

the County Attorney shall continue to serve as
District Attorney in the 16th Judicial District."

The 16th Judicial District was created by Article
199(16), Vernon's Civil Statutes.

Section 2.007 of Article 199a, Vernon's Civil Statutes,
which is the Judicial Districts Act of 1969, provides as follows:

"The district attorney (or county attorney
or criminal district attorney), the sheriff, the
district clerk, the bailiffs, and other officers
serving the other district court or courts of the
county shall serve in their respective capacities
for the court created by this Act."

The caption of Senate Bill 906, Acts 62nd Leg. R.S.
1971, provides, in part, as follows:

"An Act . . . creating the 235th Judicial
District . . .; amending the Judicial Districts
Act of 1969, as amended (Article 199a, Vernon's
Texas Civil Statutes) . . .; creating the office
of district attorney of the 235th Judicial District
. . ."

Section 2 of the Act provides as follows:

"Subchapter C, Judicial Districts Act of 1969
(Article 199a, Vernon's Texas Civil Statutes), is
amended by adding Section 3.028 to read as follows:

"'Section 3.028. (a) The 235th Judicial District,
composed of the Counties of Wise, Jack, and Cooke, is
hereby created.

"'(b) The enactment of this amendment shall in
no way change, alter, diminish, or affect the pro-
visions of Subdivision 16, Article 199, Revised
Civil Statutes of Texas, 1925, as amended, but is
in addition to and cumulative of those provisions.'"

Section 4 of the Act provides:

"(a) The office of district attorney for the
235th Judicial District is established.  The district

attorney shall have the powers and duties prescribed by law for district attorneys.

"(b) On the effective date of this Act, the Governor shall appoint a district attorney for the 235th Judicial District who shall serve until the general election in 1972 and until his successor is elected and has qualified. . . ."

Section 8 of the Act provides:

"All laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict and in any and all cases of such conflict, the provisions of this Act shall prevail."

A conflict is thus presented by portions of the foregoing statutes. On the one hand, Section 2.007 of Article 199a, quoted supra, states, in effect, that the district attorney of the 16th Judicial District (who is the County Attorney of Cooke County when the 16th Judicial District Court sits in that County) shall be also the District Attorney of the 235th Judicial District Court created pursuant to Article 199a.

On the other hand, Section 4 of Senate Bill 906, quoted supra, establishes the office of the District Attorney for the 235th Judicial District, and provides for his independent election, with no reference being made to the District Attorney of the 16th Judicial District.

We are of the opinion that the language of Section 8 of Senate Bill 906, quoted supra, is controlling in resolving the conflict adverted to hereinabove, and that the specific provisions of Section 4 of the Act relating to the establishment of the office of District Attorney for the 235th Judicial District have impliedly repealed the language of Section 2.007 of Article 199a, insofar as that language would prohibit the establishment of the separate office of District Attorney for the 235th Judicial District.

The applicable rule of statutory construction has been stated as follows:

"(W)here irreconcilably conflicting acts are passed at the same time, or where parts or sections of the same act are in irreconcilable conflict, the act or provision later in position prevails as the

latest expression of the legislative will, and re-
peals the other in so far as there is irreconcilable
conflict."   53 Tex.Jur.2d 150, Statutes, Sec. 101.

See, also, Attorney General's Opinion No. M-472 (1969).

In discussing the law of implied repeal, the Supreme
Court of Texas, in State v. Easley, 404 S.W.2d 296 (Tex.Sup.
1966) stated, at page 300, that:

"The rule of law applicable is stated in the
case of Commercial Credit Co., Inc. v. American
Mfg. Co., et al. (Tex.Civ.App. 1941), 155 S.W.2d
834, 839, writ refused, as follows:

"'We are not unaware of the general rule of
law in this State which holds that repeals by im-
plication are not favored.  But as early as Rogers
v. Watrous, 8 Tex. 62, 58 Am.Dec. 100, and by
numerous cases on down to recent dates, it was
announced that subsequent statutes revising the
subject matter of former ones, and evidently in-
tended as a substitute for them, although con-
taining no express words to that effect, must
operate to repeal those going before.  This rule
was followed by the Commission of Appeals in First
Nat. Bank v. Lee County Cotton Oil Co., 274 S.W.
127, where the authorities are collated over a
period of seventy-five years.  See also Meek v.
Wheeler County, 135 Tex. 454, 125 S.W.2d 331,
approved by the Supreme Court, 135 Tex. 454, 144
S.W.2d 885.'  See also Gaddis v. Terrell, Land
Commissioner, 101 Tex. 574, 110 S.W. 429 (1908)."

In view of the foregoing, we are of the opinion that
Section 4 of Senate Bill 906 impliedly repeals Section 2.007 of
Article 199a, insofar as Section 2.007 relates to the office of
District Attorney of the 235th Judicial District.

Your questions are, therefore, answered as follows:
(a) the County Attorney of Cooke County shall serve as the
District Attorney of the 16th Judicial District Court, when
that Court sits in Cooke County, and (b) the District Attorney
of the 235th District Court, created by Senate Bill 906, shall
serve that Court in all counties in which it sits.

## S U M M A R Y

Section 4 of Senate Bill 906, Acts 62nd Leg., R.S. 1971, impliedly repeals Section 2.007 of Article 199a, Vernon's Civil Statutes (the Judicial Districts Act of 1969), insofar as Section 2.007 relates to the office of District Attorney of the 235th Judicial District.

The County Attorney of Cooke County shall serve as the District Attorney of the 16th Judicial District Court, when that Court sits in Cooke County.

The District Attorney of the 235th Judicial District Court, created by said Senate Bill 906, shall serve that Court in all counties in which it sits.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sally Phillips
Wardlow Lane
Van Thompson, Jr.
Bill Craig

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant