

# The Attorney General of Texas

October 2, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Cecil Mackey, President
Texas Tech University
P. O. Box 4641
Lubbock, Texas 79409

Opinion No. MW-62

Re: Sale of land by Texas Tech University.

Dear Mr. Mackey:

You inform us that real estate belonging to Texas Tech University was leased in 1977 to the current tenant under a lease purchase contract with an option to purchase. The lease purchase arrangement was advertised in a local paper for one week and the bid opening was scheduled for a few days later. The property was leased to the highest bidder with the option to purchase conditioned upon the passage of legislation authorizing conveyance of the property in question by the Chairman of the Board of Regents. The sixty-sixth legislature enacted Senate Bill 213 authorizing sale of the property "only after advertisement in at least two issues of a newspaper published in the county in which the land is located, the first such publication to be made at least 30 days in advance of the sale date." The advertisement is to call for sealed bids and provide for sale to the highest bidder. You ask whether the Board of Regents must rebid the property before selling it or whether it may convey the property to the current lessee without advertising the sale.

The power of the state to dispose of its property is vested in the legislature and may be exercised by agents of the state only under legislative authorization. Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913); see also Lorino v. Crawford Packing Co., 175 S.W.2d 410 (Tex. 1943); Attorney General Opinions C-207 (1964); V-320 (1947). Prior to the enactment of Senate Bill 213 the regents had certain specific powers with respect to the lease or conveyance of University lands, (see Educ. Code §§ 109.44, 109.45, 109.46, 109.48) but no statute authorized them to sell the land in question. The lease-purchase contract recognizes this lack of authority, since it conditions the purchase option on the enactment of legislation authorizing conveyance of the land for the stated consideration.

The recently enacted Senate Bill 213 is the only legislative authorization for the sale of this land. Its terms must be strictly complied with. See State v. Easley, 404 S.W.2d 296 (Tex. 1966); Wilson v. County of Calhoun, 489 S.W.2d 393 (Tex. Civ. App. — Corpus Christi 1972, writ ref'd n.r.e.);

Attorney General Opinion C-760 (1966). The Board of Regents must rebid the land and otherwise comply with the requirements of Senate Bill 213.

The contingent purchase option granted in the 1977 contract is unenforceable because no legislation has been enacted which authorizes sale of the land on the contract terms. The Regents had no authority in 1977 to bind the state to dispose of the property in accordance with the lease purchase contract. See State v. Ragland Clinic-Hospital, 159 S.W.2d 105 (Tex. 1942). Thus, the enactment of Senate Bill 213 does not impair the obligation of a contract entered into by the state. See Tex. Const. art. I, § 16.

### SUMMARY

The Board of Regents of Texas Tech University must comply with the terms of Senate Bill 213 in order to sell the land to which it relates.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Martha Allen
David B. Brooks
Susan Garrison
William G Reid
Bruce Youngblood