**STATE of Texas, Appellant,**

v.

**Tom D. EASLEY et al., Appellees.**

**No. 6768.**

Court of Civil Appeals of Texas.

Beaumont.

April 1, 1965.

Rehearing Denied April 28, 1965.

 

Woodrow Curtis, Asst. Atty. Gen., Austin, for appellant.

H. A. Coe, Jr., Kountze, for appellees.

PARKER, Justice.

The State of Texas sued Tom D. Easley and wife, Norma Jean Easley, and James Edward Read and wife, Geraldine Read, in trespass to try title for 33.61 acres of land situated in Hardin County, Texas. Plaintiff and defendants each filed motions for summary judgment. The motion of the State was refused and the motion of the defendants was granted and judgment entered accordingly. The parties will be designated as in the trial court.

Olive-Sternenberg Lumber Company was the owner at one time of all lands involved in this suit. By deed dated June 11, 1938, Olive-Sternenberg Lumber Company as a gift and without consideration conveyed to plaintiff, the State of Texas, two tracts of land totaling 33.61 acres of land for right-of-way purposes. That it was a "gift" and donated is undisputed and admitted by plaintiff.

By deed dated September 29, 1956, Cecil Smith and others conveyed to Tom Easley and Leveta Easley 2.115 acres of land acquired by such grantors from themselves as trustees and owners of all stock of the dissolved corporation, Olive-Sternenberg Lumber Company. (Leveta Easley was divorced from Tom D. Easley and conveyed her interest in the 2.115 acres to Tom D. Easley.) Part of such land is within the limits of the 33.61 acres and part outside thereof. The western line of the 2.115 acres is coincident with the eastern line of Hardin County 1.64 acres described in the next paragraph.

On April 28, 1961, the Governor of the State of Texas under Art. 6673a, Vernon's Rev.Civ.St.Tex., upon the recommendation of the State Highway Commission, conveyed to Hardin County 1.64 acres, more or

less, which was completely within the limits of the lands conveyed by Olive-Sternenberg Lumber Company to the State of Texas. This 1.64 acres was conveyed by deed recorded in Vol. 418, p. 103 of the Deed Records of Hardin County, Texas, reciting that Hardin County originally acquired this land from Olive-Sternenberg Lumber Company at no cost to the State. The deed of April 28, 1961, also recited the land was no longer needed for highway purposes or for use of citizens as a road due to the relocation of the highway and then set forth the other provisions of Art. 6673a authorizing the Governor to quitclaim to the County its interest in said 1.64 acres. The ensuing sketch shows the location of the old highway rights-of-way and new highway rights-of-way of the State of Texas, the 1.64 acres, and the 2.115 acres showing that part in the old highway right-of-way and that part outside of the old highway right-of-way.

The defendants, James Edward Read and wife, Geraldine Read, acquired an interest in the 2.115 acres from Tom D. Easley and wife.

The plaintiff, the State of Texas, admits defendants own that part of the 2.115 acres outside the limits of the old highway. As to that part of the 2.115 acres within the limits of the old highway right-of-way and within the limits of the 33.61 acres conveyed by Olive-Sternenberg Lumber Company to the State of Texas, defendants say that when same was abandoned by the State of Texas, that they, as subsequent assignees of Olive-Sternenberg Lumber Company, became vested with the title thereto under Art. 6674q–9, Vernon's R.C.S.T., providing that when the right-of-way or any part thereof has been abandoned and was donated to the State of Texas for right-of-way purposes then, and in that event, the fee simple title vests in said owners, their heirs and assigns. The trial court held that as to that part of 2.115 acres in the old right-of-way the State of Texas abandoned such right-of-way, and the title thereto was by such abandonment vested in defendants.

Viewing the evidence most favorable to defendants on the question of abandonment, we find the following: The two tracts of land described in the deed from Olive-Sternenberg Lumber Company to the State of Texas were appropriated and used by the State of Texas for highway purposes which was the main highway from Kountze to Woodville and was known as Highway 40 and Highway 69. Such was a State highway and was part of the State Highway System. Part of this old highway, about ¾ of a mile in length, more or less, was relocated and moved to the east by the State about 1957. From 1957 to time of trial the entire tract of 1.64 acres was enclosed by a chain link fence eight feet high built by Hardin County completely blocking the old highway, closing the old highway to the use of the public and the State Highway Commission. By such conveyance by the State of Texas to Hardin County of the 1.64 acres and the closing of the old highway, the State of Texas thereby abandoned such part of the highway right-of-way.

That part of the old right-of-way to the north and to the south of the 1.64 acres was not abandoned. That part of the old right-of-way to the east of the 1.64 acres was abandoned when the 1.64 acres was abandoned. Defendants had affidavits in support of such facts of abandonment, but the State of Texas only introduced its pleadings, including the exhibits thereto, a map, and then rested. Therefore, we find evidence supporting the trial court's finding that the part of the 2.115 acres adjoining the old abandoned roadway and in the old right-of-way was abandoned.

Appellant states its position in its brief as follows:

"Both parties, in their motion for summary judgments, stated there were no material fact issues involved in this.

"The question of law in this case is, to wit:

"(a) Whether Art. 6673a, R.C.S.T., applies and controls the law in this case, or

"(b) Whether Art. 6674q–9, R.C.S.T., applies and controls the law in this case.

"The State of Texas contends that Art. 6673a, R.C.S.T., applies and controls the law of this case, because:

"(1) It is the only law setting out the manner in which the State could divest itself of title to the 2.115 acres of land in controversy.

"(2) Art. 6673a, pg. (3) (a); 'If title to the State was acquired by donation, *convey* to the grantor, his heirs or assigns; or if acquired by purchase by a county or city, *convey* to the county or city, or to the grantor, his heirs or assigns

at the request of the county or city.

"(3) Art. 6673a, R.C.S.T., Section 6; (in part) —— Acts 1931–42nd Leg., p. 170, ch. 99; Acts 1953, 53rd Leg., p. 795, ch. 323, Sec. 1. (General Session Laws of 1953)

"(4) Art. 6673a, R.C.S.T., Sec. 2, Acts of 1953, ch. 323, S.B. 175, amending Art. 6673a, approved June 8, 1953; 53rd Leg., p. 797, ch. 323, provides as follows, to wit: *'Sec. 2. That all laws and parts of laws in conflict with the provisions of this Act be, and the same are repealed.'* (General Session Laws of 1953)

"(5) Art. 6673a supercedes Art. 6674q–9 because of the repealing of conflicting laws clause and because Art. 6674q–9 was amended by Acts of 1943, 48th Leg., p. 494, ch. 324, Sec. 1; that Art. 6673a was the Acts of 1931, 42nd Leg., p. 170, ch. 99; Acts 1953, 53rd Leg., p. 795, ch. 323, Sec. 1.

" 'Express Repeal—53 T.J.(2d), Sec. 96, pp. 141–142:

" 'It may be general or special. A general repeal declares, in substance, that all acts and parts of acts in conflict with the new enactment are repealed. * * *' "

Art. 6673a, R.C.S.T., was first enacted by the legislature by House Bill No. 1014, ch. 99, 42nd Leg., Regular Session, approved May 5, 1931, and provides for the return to the owner of land donated by him to the State where the State Highway Commission had acquired any land to be used as a right-of-way for any State highway and thereafter the route of such highway was no longer needed for such highway or for use by citizens as a road, the State Highway Commission may recommend to the Governor that such land be returned by proper deed to the person or persons from whom the same was received. The amendment of Art. 6673a, R.C.S.T., by the Acts of 1953, 53rd Leg., p. 795, ch. 323, sec. 1 (General Session Laws of 1953) changed the provisions of such act when the land for right-of-way purposes was purchased by the State Highway Commission, but did not change the provision that where the right-of-way is no longer needed for such purposes the State Highway Commission may recommend to the Governor that he execute a proper deed relinquishing and conveying the State's right, title and interest in such real property (when title to the State was acquired by donation) to the grantor's heirs or assigns. Such act further provides that all laws and parts of laws in conflict with provisions of this act be and the same are hereby repealed.

Art. 6673a outlines the procedure when the State Highway Commission determines that the right-of-way is no longer *needed* as a right-of-way for the State Highway Commission and is no longer *needed* for the use of citizens as a road, that upon the recommendation of the State Highway Commission when the State has paid no money for the right-of-way that the Governor will quitclaim or relinquish the land and the right-of-way to the donor thereof, his heirs or assigns.

Art. 6674q–9 was originally passed in 1932 by the 42nd Leg., House Bill No. 2, 3rd Called Session, p. 15, providing that when the right-of-way or any part thereof has been *abandoned* by the State of Texas for all public road purposes, and such right-of-way or any part thereof was donated by the owner of the land for right-of-way purposes then, and in that event, the fee simple title shall *vest* in said owner, his heirs or assigns. The act also provided that all laws and parts of laws in conflict with it be and the same are hereby repealed.

In the amendment of Art. 6674q–9 by the Acts of 1943, 48th Leg., p. 494, ch. 324, sec. 1, S.B. No. 89, it provided that when the right-of-way or any part thereof pertain-

ing either to a State highway or a lateral road has been abandoned by the State of Texas that because of the abandonment of such road for such public purposes and such right-of-way or any part thereof was donated by the owner of the land for right-of-way purposes then, in that event, the title to said right-of-way shall vest in said owner, his heirs or assigns.

The *abandoning* of a highway by the State of Texas is a different thing from the State Highway Commission or the State of Texas determining that such right-of-way is no longer *needed* for highway purposes and no longer *needed* for use of citizens as a road. Art. 6673a provides for procedure when the road is no longer *needed*. Art. 6674q–9 provides that in the event of abandonment of the right-of-way for such public purposes the title to the said right-of-way shall vest in the said owner, his heirs or assigns.

■■■ These two acts are in pari materia and are to be construed as one act but whether construed as one act or as distinct acts they can be fairly reconciled and each given its intended operation. Cole v. State ex rel. Cobolini, (1914), 106 Tex. 472, 170 S.W. 1036. Both acts deal with a right-of-way that has been donated. One act provides that if the right-of-way is no longer needed, then on recommendation of the State Highway Commission the Governor will relinquish by deed the right-of-way to the former owner, his heirs or assigns. The other act, 6674q–9, provides when the owner donated the right-of-way and the right-of-way has been abandoned the title shall vest in the former owner, his heirs or assigns. These are two distinct things. With highways being moved, there are many highways and lateral roads no longer needed by the State Highway Commission or by the public, but this does not mean that they have been abandoned. To abandon a highway right-of-way means that there has been a complete and final giving up, letting go or withdrawal from the old right-of-way. In the amendment of Art. 6674q of 1943 the legislature

said: "This Act shall be cumulative of all other valid laws." However, there is no antagonism or conflict in the provisions of the two respective statutes. Art. 6673a does not expressly repeal Art. 6674q. Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373 (1919).

"Repeal of laws by implication is not favored. 39 Tex.Jur., § 75, p. 140; 59 C.J., § 510, p. 905. In the absence of an express repeal by statute, where there is no positive repugnance between the provisions of the old and new statutes, the old and new statutes will each be construed so as to give effect, if possible, to both statutes. 39 C.J. § 75, p. 140." Wintermann v. McDonald, Land Commissioner, 129 Tex. 275, 102 S.W.2d 167, 171 (1937).

As said in Gaddis v. Terrell, 101 Tex. 574, 110 S.W. 429 (1908):

"Though a provision in an act repealing conflicting laws shows that the Legislature had in mind that some law was to be repealed, the courts must find a repugnancy between a prior law and the act before they can find that the act repeals the prior law."

Under the facts of this case, Art. 6674q, R.C.S.T., was applicable to that part of the old right-of-way abandoned by the State of Texas and title to same vested in defendants as assignees of Olive-Sternenberg Lumber Company.

Plaintiff's points of error contrary to the foregoing are each and all overruled.

However, the State of Texas was entitled to summary judgment against the defendants for the title to and possession of the 33.61 acres, save and except (a) the 1.64 acres conveyed to Hardin County, and (b) that part of the 2.115 acres of land described in the deed from Cecil Smith, et al., to Tom Easley, et al., within the 33.61 acres and old right-of-way as against the plaintiffs in this case. Defendants were entitled to summary judgment that the State take nothing against the defendants

for the title to and possession of that part of the 2.115 acres above referred to in the old highway right-of-way. Accordingly, the judgment of the trial court is reversed in part and reformed as follows: That Plaintiff, the State of Texas, recover from the defendants and each of them the title to and possession of the 33.61 acres, save and except (a) the 1.64 acres conveyed to Hardin County, and (b) that part of the 2.115 acres described in the deed from Cecil Smith, et al, to Tom Easley, et al, within the 33.61 acres but that the State of Texas take nothing as against the defendants as to the title to and possession of that part of the 2.115 acres of land within the 33.61 acres as to which the State of Texas is divested of all of its rights, title and interest therein and same is vested in the defendants. The recovery by the defendants against the plaintiff for the title to and possession of the entire 2.115 acres is proper and correct and is affirmed.

Except as sustained by reformation of the trial court's judgment, all of plaintiff's points of error are overruled.

As so reformed, judgment is here rendered, with all costs adjudged against the defendants.