

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
September 30, 1969

Honorable Joe Resweber
County Attorney
Harris County
Harris County Courthouse
Houston, Texas    77002

Op. No. M-482

Re: Constitutionality of Article
1581c, Vernon's Civil Statutes

Dear Mr. Resweber:

You have requested the opinion of this office as to the con-stitutionality of Article 1581c, Vernon's Civil Statutes, as it relates to the power of the Commissioners' Court of Harris County to authorize the execution of a deed by the County to relinquish, without consideration, title to certain land to the successors in title to the grantor thereof. The original grantor had donated the land to Harris County in 1896 for a right-of-way in connection with a road laid out by jury view in 1895, without the inclusion of a reversionary clause benefiting the grantor.

The power of the County to sell or lease real estate is con-tained in Article 1577, Vernon's Civil Statutes, and is set out below:

"The Commissioners Court may, by an order to be entered on its minutes, appoint a Commissioner to sell and dispose of any real estate of the county at public auction, and notice of said public auction shall be advertised at least twenty (20) days before the day of sale, by the officer, by having the notice thereof published in the English language once a week for three (3) consecutive weeks preceding such sale in a newspaper in the county in which the real estate is located and in the county which owns the real estate, if they are not the same    In its order appointing the Commissioner, the Commissioners Court may provide for reasonable compensation to be paid to the Commissioner for his services in connection with such sale    The deed of such Commissioner made in conformity to such order for

and in behalf of the county, duly acknowledged and proven and recorded, shall be sufficient to convey to the purchasers all the right, title and interest and estate which the county may have in and to the premises to be conveyed. Provided, however, that where abandoned right-of-way property is no longer needed for highway or road purposes and the county decides to sell said right-of-way property, it shall be sold with the following priorities: (1) to abutting or adjoining landowners; (2) to the original grantors, his heirs or assigns of the original tract from whence said right-of-way was conveyed; or (3) at public auction as provided above; provided further, whenever any real property, or interest therein, is owned by any county and is sold or exchanged or conveyed hereunder and is being used by a public utility or common carrier having the right of eminent domain for right-of-way and easement purposes, the sale, exchange, conveyance and surrender of possession herein provided for shall be and remain in all things subject to the right and continued use of such public utility or common carrier. Nothing contained in this Article shall authorize any Commissioners Court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law."

Article 1581c, Vernon's Civil Statutes, was passed in 1947 and has not been subsequently amended. It provides as follows:

"Section 1. Commissioners Courts of the respective counties in this State are authorized and empowered to abandon and relinquish to the donors of such lands and their successors in the title, all lands donated to their county for county seats, courthouses and other county purposes, in all cases where such land has been abandoned and not used for more than forty (40) years for the purpose of such donation, at the date of the order of such Court abandoning and relinquishing the same, provided, however, that the provisions of this Act shall not apply unless it is shown that such donors and their successors in title have been in actual continuous, open, peaceful and adverse possession of such lands for a period of forty (40) years next preceding the order of such court abandoning, relinquishing or conveying of such realty by the Commissioners Court.

"Sec. 2. All orders and judgments of the respective Commissioners Courts in this State abandoning or conveying or relinquishing lands which had been conveyed to their respective counties for county seat, courthouse or other county purpose, heretofore made, in cases where such land has not been used for the purpose of its donation for more than forty (40) years, are hereby validated.

"Sec. 3. Commissioners Courts of the respective counties in this State are authorized and empowered to reconvey and relinquish to the donors of such land, or to their successors in the title, all lands which were donated and conveyed to any such counties for county seat, county court, or other county purposes, which lands have been or may be abandoned and unused for such county purpose for a period of more than forty (40) years, as for failure of consideration of such grant to any such county."

This statutory provision attempts to give the County Commissioners authority to return to the grantor, his heirs or assigns, land donated to the County for county road purposes, and which apparently has not been used for more than forty (40) years. Such authority is in direct contravention of the procedures for disposing of county land established under Article 1577, above quoted, last amended in 1967, and the last expression on this subject by the Legislature.

Article 3, Section 52 of the Texas Constitution provides, in part, as follows:

"Sec. 52. The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company; ..." (Emphasis added.)

This constitutional provision clearly bars the County Commissioners from granting county land, a thing of value to the county, to the original grantor, his heirs or assigns, without following the procedures outlined in Article 1577. Dreeben v. Whitehurst, 68 S.W.2d 1025 (Tex.Comm.App. 1934); Attorney General's Opinion No. 0-2660 (1940).

Article 6674q-9, Vernon's Civil Statutes, contained a provision similar to Article 1581c, also calling for release of state land to original grantors in special cases This provision was held to be

in conflict with the later amended provisions of Article 6673a, Vernon's Civil Statutes, setting out a detailed procedure for disposing of state land no longer needed in the State Highway program. State v. Easley, 404 S.W.2d 296 (Tex.Sup.Ct. 1966). Pursuant to the Easley case and the terms of Article 6673a, the State Highway Department disposes of surplus right-of-way land by sale unless a determination is made that the land is of no value to the State of Texas.

For the reasons set out above, we are of the opinion that Article 1581c, Vernon's Civil Statutes, is in conflict with Article 3, Section 52 of the Texas Constitution and Article 1577, Vernon's Civil Statutes, and is therefore void.

### SUMMARY

The provisions of Article 1581c, Vernon's Civil Statutes, are in conflict with Article 3, Section 52 of the Texas Constitution and Article 1577, Vernon's Civil Statutes, and therefore void.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Jim Swearingen
Rick Fisher
Gordon Cass
Bill Allen

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant